**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JUSTIN PRUSHANSKY, a citizen of
Baltimore County Maryland

        Plaintiff,

v.                                                 Case No:  2:12-cv-689-FtM-38DNF

RICHARD A. BROWN, DIANE A.
BROWN, JOHN DOE, WAUPACA
ELEVATOR COMPANY, INC. and
FLORIDA ELEVATOR, INC.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Florida Elevator's Motion for a More Definite Statement as to Count II of Plaintiff's Second Amended Complaint and Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (Doc. #39) filed on June 10, 2013.  Plaintiff's Response in Opposition (Doc. #42) was filed on June 14, 2013.  Thus, the Motion is now ripe for review.

## BACKGROUND

On December 21, 2012, Plaintiff brought this action against Defendants alleging the following Counts: (1) negligence against Richard A. Brown and Diane A. Brown (the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

"Browns"), (2) negligence against Defendants John Does 1-51, (3) negligent infliction of emotional distress against all defendants, and (4) intentional infliction of emotional distress against the Browns.  With Defendants' consent, Plaintiff filed an Amended Complaint on February 28, 2013 (Doc. #19), to identify the John Doe defendants as Waupaca Elevator Company, Inc., and Florida Elevator, Inc. The allegations in Plaintiff's Amended Complaint otherwise remained the same.  With consent, Plaintiff filed a Second Amended Complaint on May 29, 2013 (Doc. #35), adding a Count for gross negligence against the Browns.  As set forth previously by this Court in its Order on the Browns' motion to dismiss, the Plaintiff makes the following allegations in his Second Amended Complaint: On or about March 9 and 10, 2009, Plaintiff was invited as a guest at a party at the Browns' residence.  (Doc. #35 at ¶20).  The Browns provided alcoholic beverages to guests, including Plaintiff, during the party. (Id. at 22-23).  Several of the guests to whom the Browns provided alcoholic beverages, including Plaintiff, were under the legal drinking age of twenty-one (21).  (Id. at 24).  The Browns were aware that several of the guests to whom they provided alcoholic beverages, including Plaintiff, were under the legal drinking age of twenty-one (21).  (Id. at 25).

At approximately 1:00 a.m. on March 10, 2009, Plaintiff went to sleep in a bedroom on the third floor of the residence.  (Id. at 26).  At approximately 3:00 a.m. on the morning of March 10, 2009, Plaintiff was awoken by one of the other party guests, who asked Plaintiff if he could move to another bedroom.  (Id. at 27.)  Plaintiff obliged this request and began searching for another bedroom in which to sleep.  (Id. at 28). Plaintiff could not find a vacant bedroom on the third floor of the residence and took the stairs to the second floor to search for a vacant bedroom.  (Id. at 29).  In his search for a

bedroom on the second floor, Plaintiff opened the door to what he thought was a bedroom, but in reality was a door to an elevator shaft. (Id. at 30).  Upon opening the door, Plaintiff stepped into what he thought was a bedroom to search for a light switch. (Id. at 31).  Plaintiff immediately fell into what was in reality an unmarked elevator shaft with no elevator present on the second floor. (Id. at 32).  Plaintiff fell approximately 15-20 feet down the shaft. (Id. at 33).  Plaintiff was seriously injured as a result of the fall. (Id. at 34).  At no time during Plaintiff's stay at the residence was he ever informed that the residence had an elevator shaft. (Id. at 35).

The Browns discovered Plaintiff in the elevator shaft several minutes after he fell. (Id. at 36).  Upon discovering Plaintiff, the Browns did not contact an ambulance service or any other medical provider to assist them in extricating Plaintiff from the elevator shaft.  (Id. at 37).  Rather, the Browns, with the assistance of other guests at their residence, grabbed Plaintiff and pulled him out of the elevator shaft. (Id. at 38).  The Browns' efforts to extricate Plaintiff from the elevator shaft caused further injury to Plaintiff. (Id. at 39).  Upon extricating Plaintiff and seeing the extent of Plaintiff's injuries, the Browns failed to contact an ambulance service or any other medical provider to take Plaintiff to a hospital. (Id. at 40).  Rather than contacting an ambulance service or other medical transportation service to take Plaintiff to a hospital, the Browns asked one of the party guests, who had been consuming alcohol, to take Plaintiff to a hotel. (Id. at 41).  Several hours later, Plaintiff was taken to the hospital by one of his friends, who found Plaintiff at a hotel in excruciating pain. (Id. at 43).  Plaintiff was subsequently diagnosed with extensive injuries. (Id. at 44).

Plaintiff further alleges that on or about January 21, 2009, approximately two months before the accident described above, Defendant Florida Elevator inspected the elevator at the Browns' residence and informed the Browns that their elevator needed repairs.  (Id. at 13).  Plaintiff alleges that the Browns made a conscious decision not to repair the interlock mechanism for the access doors to the elevator at their residence. (Id. at 16).  Defendant Florida Elevator now moves for a more definite statement as to Count II of Plaintiff's Second Amended Complaint (negligence) pursuant to Fed. R. Civ. P. 12(e), and to dismiss Count III (negligent infliction of emotional distress) pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### A. Count II

Florida Elevator moves for a more definite statement with regard to Count II of Plaintiff's Second Amended Complaint, which is a Count for negligence against Defendants Florida Elevator, Inc. and Waupaca Elevator Company, Inc. on the grounds that the single Count alleges that both of these Defendants were responsible for the manufacture, installation, and/or maintenance of the elevator located on the premises and that they negligently manufactured installed and/or maintained the elevator causing Plaintiff injury.  Defendant Florida Elevator argues – with not citation to case law – that it and Waupaca do not have a united interest in the defense of this action as they did not each manufacture, install, and/or maintain the elevator at issue.  Accordingly, Florida Elevator seeks an Order for a more definite statement as to Count II to require separate counts against Florida Elevator and Waupaca so as to provide Florida Elevator with fair

notice of the allegations and causes of action pled against it before being required to answer.

By lumping "defendants" together, Plaintiff has failed to comply with Fed. R. Civ. P. 8. Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." Pro Image Installers, Inc. v. Dillon, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) (citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); Bentley v. Bank of Am., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8."). The Court finds that Florida Elevator's argument regarding the motion for a more definite statement is well taken. Plaintiff will be required to replead Count II to separate each Defendant and the allegations against each of them.

Additionally, an issue the Court finds with Count II, and the entirety of Plaintiff's Second Amended Complaint for that matter, is that it contains a paragraph realleging the allegations in all preceding paragraphs under each Count. (Doc. #35, ¶¶54, 59, 62, 70). This is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Thus, Plaintiff will be required to replead each of his claims and to specify which factual allegations are relevant to each Count.

### B. Count III

Florida Elevator next argues that Plaintiff has failed to state a cause of action in Count III for negligent infliction of emotional distress, arguing that Florida's impact rule bars Plaintiff's claim in this case. Specifically, Defendant argues that under Florida law, Plaintiff is not allowed to recover under both a negligence and negligent infliction of emotional distress theory for the physical contact when he fell in the elevator shaft and suffered injuries. This Court has previously rejected this argument in this case when it denied the Browns' Motion to Dismiss. See Doc. #24, pp. 3-4.

As previously set forth by the Court, in Willis v. Gami Golden Glades, LLC, 967 So. 2d 847 (Fla. 2007), the Florida Supreme Court described the applicability of the impact rule to plaintiffs who have suffered a physical impact due to a defendant's negligence and to those who have not. The court stated:

> In Florida, the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not

>suffered a physical impact from an external force. If the Plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be "manifested by physical injury," the plaintiff must be "involved" in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment "within a short time" of the incident.

Willis, 967 So. 2d at 850 (citations omitted). The court further explained that "the impact rule is the rule of law followed in Florida applicable to cases in which the plaintiff claims mental or emotional damages but has not sustained any physical impact or contact, unless the claim falls within one of the recognized exceptions to the rule. When an impact or touching has occurred the rule has no application." Id.

As discussed by the Court previously, Plaintiff's Second Amended Complaint is replete with allegations that Plaintiff suffered an impact as the result of his fall and that this impact caused both physical injuries and emotional distress. Thus, based on the allegations in Plaintiffs' Second Amended Complaint, the Court finds, as it previously did, that the Florida impact rule does not bar Count III of Plaintiff's Second Amended Complaint.[2]

Accordingly, it is now

**ORDERED:**

(1) Defendant Florida Elevator's Motion for a More Definite Statement as to Count II of Plaintiff's Second Amended Complaint and Motion to Dismiss

---

[2] While the Court has found that the substance of Count III survives, as discussed above, the Court will dismiss the Second Amended Complaint and allow Plaintiff a chance to re-plead to address other pleading deficiencies as outlined in Section A of this Order.

Count III of Plaintiff's Second Amended Complaint (Doc. #39) is **GRANTED in part and DENIED in part** as set forth in this Order.

(2) Plaintiff's Second Amended Complaint (Doc. #35) is **DISMISSED without prejudice**.  Plaintiff may file a third amended complaint on or before **July 30, 2013**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record